Birger E. Hamilton *vs.* Osmond B. George.

Somerset.  Opinion December 27, 1930.

*H. R. Coolidge*, for plaintiff.
*Ryder & Simpson,*
*Locke, Perkins & Williamson*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farring-ton, Thaxter, JJ.

Pattangall, C. J.  Exceptions to the overruling of motion to dismiss filed by plaintiff after verdict had been rendered against him.

The motion was based on the proposition that lack of jurisdiction appeared on the face of the record, the writ not bearing a proper seal.

The writ, dated January 24, 1930, bore the seal of the Superior Court of Penobscot County.

By the provisions of Chap. 141, P. L. 1929, the Superior Court of Penobscot County was combined with the Superior Courts of Cumberland, Kennebec and Androscoggin Counties and the jurisdiction of the court so constituted was extended to include the remaining twelve counties. This law became effective on January 1, 1930, and in accordance with Section 7 of the act, the Justices of the Superior Court, on that date, established a seal to be used by it from that date, bearing the words "Superior Court, State of Maine."

Somerset County in which this writ was brought and action tried was never within the jurisdiction of the Superior Court of Penobscot County, nor could the writs of that court be returned to any court in Somerset County and the seal which this writ bore was superseded, even in Penobscot County, by the seal authorized on January 1, 1930.

Bearing an improper seal, the writ was as though it had borne no seal. *Tibbetts* v. *Shaw*, 19 Me., 204. This defect may not be remedied by amendment. *Bailey* v. *Smith*, 12 Me., 196; *Witherel* v. *Randall*, 30 Me., 168. Nor can it be waived. Parties can not confer jurisdiction by agreement. To such a defect, motion to dismiss will lie at any stage of the proceedings. *Pinkham* v. *Jennings*, 123 Me., 345; *Miller* v. *Wiseman*, 125 Me., 8.

*Exceptions sustained.*